LAWSON, J.,
specially concurring.
In light of changes to section 921.141, Florida Statutes, made by the Legislature in 2016 and recently in chapter 2017-1, Laws of Florida, I am not opposed to *1238 issuing proposed jury instructions for comment. I agree that the jury should be asked to render a verdict as to. each aggravating circumstance alleged by the State, since that is expressly required by.the statute and since the death penalty cannot be imposed unless at least one aggravating factor is proven beyond a reasonable doubt. § 921.141(2)(b)l, Fla. Stat. (2016).[3] The jury’s decision ás to each aggravator, of course, must be unanimous. § 921.141(2)(b), Fla. Stat. However, I question whether we need special verdicts as to each statutory mitigating circumstance or as to the weighing process.[4] See ch, 2017-1, § 1, Laws of Fla. (“If a unanimous jury determines that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of death.”). I would invite comment as to whether it would be preferable to ask a jury that unanimously finds an aggravating factor to then simply return a general verdict reflecting its sentencing recommendation, consistent with the statute.

. Section 921.141 requires the jury to "return findings identifying each aggravating factor found to exist.” § 921.141(2)(b), Fla. Stat. (2016). The statute also provides that the "defendant is eligible for a sentence of death” only if the jury "[ujnanimously finds at least one aggravating factor.” § 921.141(2)(b)2.

. Section 921.141(2)(b) directs that the jury must base its recommendation on whether sufficient aggravating factors exist and whether the aggravating factors outweigh the mitigating circumstances. A properly instructed jury could simply be instructed to answer yes or no to the following question: “Do you unanimously recommend a sentence of death?” It makes no sense to me to have the jury make findings on mitigating circumstances because that is not required by the statute and because the jury’s verdict is only a recommendation to the judge, who must then make independent findings as to mitigating circumstances and make an independent sentencing decision. The majority’s proposed interrogatory-style verdicts would imply that the judge should be bound by a jury’s assessment of mitigating circumstances, which is contrary to the statute and makes no sense. Are we really suggesting that the sentencing judge cannot find a circumstance to be mitigating unless found by the jury?. If detailed jury findings as to mitigating circumstances are not intended to be binding on the sentencing judge, I question why they are needed at all.